IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV361-01-MU


| | |
|---|---|
| RODNEY LAWRENCE GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )　　　**O R D E R** |
| | ) |
| GARY M. CLARK, <u>et al.</u>, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |


**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint

pursuant to 42 U.S.C. § 1983,  filed August 18, 2005.

In his Complaint Plaintiff, a federal pre-trial detainee,[1] alleges that in October 2004, he was

punished without due process of law.  In support of this accusation, Plaintiff contends that he was

"put in the Hallway which is the hole . . . ."  Plaintiff also alleges that he was subjected to

unconstitutional overcrowding and that he was denied access to a law library.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that one of his

constitutional rights or federal statutory  rights was violated by a person acting under the color of

state law.  42 U.S.C. § 1983.

---

[1] Confinement conditions of pretrial detainees are to be evaluated under Due Process Clause, rather than under Eighth Amendment. <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 n.16 (1979).  However, typically the contours of the Due Process Clause in this context tends to be coextensive with the substantive constitutional principles applied via the Eighth Amendment to convicted inmates.  <u>See</u> <u>e.g.</u>, <u>Riley v. Dorton</u>, 115 F.3d 1159 1166-67 (4th Cir. 1997)(excessive force claim); <u>Hill v. Nicodermus</u>, 979 F.2d 987, 991-92 (4th Cir. 1992)(medical needs). The limited length of a detainee's stay in facility may be considered in determining constitutionality of conditions or restrictions. <u>Bell</u>, 441 U.S. at 542.

Even if taken as true, Plaintiff's allegations regarding his discipline claim do not rise to the level of a federal statutory or constitutional violation. In order to prevail on either a procedural or substantive due process claim, an inmate must first establish that he was deprived of "life, liberty, or property" by governmental action. See Plyler v. Moore, 100 F.3d 365 (th Cir. 1996). In Sandin v. Conner, 515 U.S. 472 (1995), the United States Supreme Court held that discipline in segregated confinement does not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest. Id. at 486. Consequently, a prisoner is not typically entitled to the procedural safeguards set forth in Wolff v. McDonnell, 418 U.S. 539 (1974), when the resulting discipline is segregated confinement. Notably, Plaintiff does not assert that his segregated confinement imposed such an atypical hardship vis a vis ordinary prison life as to create a liberty interest in avoiding it. Consequently, Plaintiff has failed to state a claim.

Plaintiff alleges that his constitutional rights were also violated during October of 2004, he was placed in a one man cell with another inmate and was forced to sleep on a mattress on the floor. Plaintiff admits that in October or November 2004,[2] he was assigned a bunk. Again, Plaintiff's allegation fails to state a constitutional claim. Double-celling, by itself, does not amount to a constitutional violation. See Rhodes v. Chapman, 452 U.S. 337, 347-48 (1981).

Finally, Plaintiff alleges that his constitutional rights were violated because in September 2004, he was informed that the facility had no law library and thus he was denied access to a law library. Significantly, Plaintiff does not allege that he has been prejudiced in any specific way by the his inability to access a law library during his brief stay at the Caldwell County Detention

---

[2] In one place in his Complaint Plaintiff alleges he received a bunk in October 2004, in another place he alleges he received a bunk in November 2004.

Center.  See Lewis v. Casey, 518 U.S. 343, 349 (1996)(an inmate alleging a violation of Bounds

must show actual injury).

       **IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED** pursuant to

28 U.S.C. § 1915(e) for failure to state a claim on which relief may be granted.

**Signed: September 29, 2005**

Graham C. Mullen
Chief United States District Judge